IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MOHAMED SALAH MOHAMED
AHMED EMAD,

       Plaintiff,

  v.

Case No. 19-CV-00598

RICARDO WONG, Field Office Director,
Chicago, U.S. Immigration and Customs
Enforcement ("ICE"), PAUL D'AGOSTINO
MICHAEL McPHERSON, DODGE COUNTY,
DODGE COUNTY SHERIFF DALE SCHMIDT,
JAIL ADMINISTRATOR ANTHONY BRUGGER,
WELLPATH, and HEALTH ADMINISTRATOR TAMMY
WOLLIN

       Defendants.

**DEFENDANTS DODGE COUNTY, DODGE COUNTY SHERIFF DALE SCHMIDT AND JAIL ADMINISTRATOR ANTHONY BRUGGER'S MOTION FOR SCREENING ORDER UNDER 28 U.S.C. § 1915A AND REQUEST TO AMEND DEFENDANTS' ANSWER THEREAFTER**

Defendants Dodge County, Dodge County Sheriff Dale Schmidt and Jail Administrator Anthony Brugger (collectively "Defendants" or "County Defendants," unless otherwise noted), by their attorneys, Crivello Carlson, S.C., respectfully move the Court to screen the Plaintiff's Complaint, filed April 25, 2019, (ECF No. 1). Defendants have filed a general denial answer to preserve their rights, (ECF No. 22), and request the opportunity to amend their answer following the Court's screening order. This motion is brought for the following reasons:

1. This is a civil action brought under 42 U.S.C. § 1983, in which Plaintiff has alleged that he was arrested by United States Immigration and Customs Enforcement and is currently detained in the Dodge County Detention Facility. *See* (Compl. ¶¶ 37, 61, ECF No. 1.)

2. Plaintiffs' Section 1983 action seeks redress from government officers and entities, including the County Defendants. *See* (*id.* ¶¶ 11–18.)

3. Under 28 U.S.C. § 1915A(c), a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

4. Pursuant to 28 U.S.C. § 1915A(a), as soon as practicable after docketing, the Court is required to review and screen complaints filed by "prisoners" against government entities and officers, such as the County Defendants.

5. The Plaintiff is a "prisoner" and his Complaint is therefore subject to the screening requirements of 28 U.S.C. § 1915A.

6. Moreover, a screening order may limit the claims brought in this action, for instance, by limiting and/or dismissing claims against those named Defendants that where there is a lack of alleged direct personal involvement in the claimed constitutional deprivations in this case. *See Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971).

7. For the same reasons, a screening order may also limit the claims and issues to be litigated surrounding Plaintiff's motion for preliminary injunction, (ECF No. 4), and motion for expedited discovery, (ECF No. 8.)

WHEREFORE, pursuant 28 U.S.C. § 1915A and in order to ensure efficient litigation of the allegations and claims in this case, the County Defendants respectfully request that the Court review and screen the subject Complaint as soon as practicable.

Dated this 14th day of May, 2019.

        CRIVELLO CARLSON, S.C.
        Attorneys for Defendants Dodge County, Dodge County Sheriff Dale Schmidt and Jail Administrator Anthony Brugger

        BY:   s/ Benjamin A. Sparks
              SAMUEL C. HALL, JR.
              State Bar No. 1045476
              BENJAMIN A. SPARKS
              State Bar No. 1092405
              JOSE A. CASTRO
              State Bar No. 1098146

        CRIVELLO CARLSON, S.C.
        710 N. Plankinton Avenue, Suite 500
        Milwaukee, WI 53203
        Phone: (414) 271-7722
        Fax: (414) 271-4438
        E-mail: shall@crivellocarlson.com
                   sparks@crivellocarlson.com
                   jcastro@crivellocarlson.com